# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KAREN S. CHUNG, | ) | |
| | ) | |
| Debtor. | ) | Case No. 22-80594 |
| | ) | Chapter 7 |

### NEW BEDFORD II AND III MASTER HOMEOWNERS' ASSOCIATION, INC.'S MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. SECTION 362(d), FOR ABANDONMENT OF PROPERTY PURSUANT TO 11 U.S.C. SECTION 554(b), AND WAIVER OF THE 14-DAY STAY UNDER BANKRUPTCY RULE 4001(A)(3)

New Bedford II and III Master Homeowners' Association, Inc. ("New Bedford") moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and for an Order of Abandonment pursuant to 11 U.S.C. 554(b) as to the real property described below. New Bedford shows the Court as follows in support hereof:

### I. JURISDICTION

1. Karen S. Chung commenced the captioned Chapter 7 Bankruptcy Case ("Case") on October 27, 2022.

2. This Court has jurisdiction of the Case pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 362 and 554.

3. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(G).

### II. FACTS AND BACKGROUND

4. Ms. Chung is the sole record owner of a single family residential property ("Property") located at 20445 E. 45th St. S., Broken Arrow, Oklahoma 74014. The Property is legal described as Lot Four (4), Block Two (2), NEW BEDFORD II, a subdivision ("Subdivision") in Wagoner County, State of Oklahoma, according to the recorded Plat thereof. She schedules that Property as having a value of $245,000.00.

5. Ms. Chung has claimed the Property as exempt. The meeting of creditors has not been concluded as of this filing; however, New Bedford does not contest that claim.

6. The Statutes of Oklahoma, the provisions of the Deed of Dedication and Restrictive Covenants for New Bedford II, the Declaration of Covenants of New Bedford II, and the Bylaws of the New Bedford II and III Master Homeowners' Association, Inc. (collectively the "Governing Documents") require record owners of property within the Subdivision to pay monthly assessments to New Bedford.

7. As a homeowner, Ms. Chung became voluntarily and contractually indebted to New Bedford for such assessments, both regular and special. Ms. Chung defaulted on that obligation.

8. Consequently, New Bedford brought suit against Ms. Chung in the District Court of Wagoner County, Case No. CJ-2019-83 ("State Court Case") to recover for unpaid assessments.

9. Two separate final judgments were entered in the State Court Case for New Bedford against Ms. Chung in the aggregate principal sum of $15,875.17, together with interest accruing at the Oklahoma judgment rate until paid, and authorizing the foreclosure of its lien for that amount against the Property. Copies of those judgments are annexed as Exhibit 1 and 2.

10. The Property is encumbered with two separate real estate mortgages. The first in priority is held by Chase Home Mortgage and, per Ms. Chung, secures her payment of $14,000.00. The second in priority is held by PHH Mortgage and, per Ms. Chung, secures her payment of $109,582.00.

### III. RELIEF FROM STAY

11. Ms. Chung does have equity in the Property based upon her valuation thereof. That equity interest is of no value to the Estate if her exemption claim does not draw an objection.

12. It is therefore appropriate for the Court to grant New Bedford relief from the automatic stay as to the Property pursuant to 11 U.S.C. § 362(d)(2), so that it can complete its foreclosure of the Property in the State Court Case.

13. Waiver of the 14-Day Stay under Bankruptcy Rule 4001(A)(3) is warranted because Ms. Chung continually scoffs at her obligation to pay assessments to the detriment of New Bedford.

### IV. REQUEST FOR ABANDONMENT

14. Presuming Ms. Chung's exemption claim holds, the Property is potentially burdensome to the Estate and is of inconsequential value and benefit thereto. As such, New Bedford is entitled to an Order directing the Trustee to abandon the Property pursuant to 11 U.S.C. §554(b).

WHEREFORE, New Bedford requests the Court to grant it relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) with regard to the Property described herein, waiver of the 14-day stay under Bankruptcy Rule 4001(a)(3), order the Trustee to abandon the Property pursuant to 11 U.S.C. § 554(b), and for such other and further relief to which New Bedford is entitled.

DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.


By: /s/ J. Patrick Mensching
J. Patrick Mensching, OBA No. 6136
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone 918.591.5240
Facsimile 918.925.5240
Email pmensching@dsda.com
**ATTORNEYS FOR NEW BEDFORD II
AND III MASTER HOMEOWNERS'
ASSOCIATION, INC.**


## CERTIFICATE OF SERVICE

      I hereby certify that on January 12, 2023, a file-stamped copy of the foregoing Motion will be served on all recipients of notice under the CM/ECF filing system via an Electronic Notice for Registered Participants, and was served via first class mail, to all parties listed on the mailing matrix attached as Exhibit 3.


      */s/ J. Patrick Mensching*
      J. Patrick Mensching


6338640.1

IN AND FOR THE DISTRICT COURT OF WAGONER COUNTY
STATE OF OKLAHOMA

NEW BEDFORD II AND III MASTER )
HOMEOWNERS' ASSOCIATION, INC., )
                                                   )
                Plaintiff, )             Case No. CJ-2019-83
v. )
                                                   )
KAREN S. HENDERSON, A/K/A KAREN HARRIS; )
JOHN DOE SPOUSE OF KAREN S. HENDERSON, )
IF MARRIED; OCCUPANT(S) OF THE PREMISES )
AT 20445 EAST 45th ST. SOUTH, BROKEN ARROW, )
OKLAHOMA; MIDLAND FUNDING, LLC, )
                                                  )
                Defendants. )

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND FINAL JOURNAL ENTRY OF JUDGMENT

THIS MATTER comes on for consideration on this 11 day of July, 2022, before the undersigned Judge of District Court on New Bedford II and III Master Homeowners' Association, Inc.'s ("Plaintiff") *Motion for Partial Summary Judgment*; and the Court, having reviewed the record on file herein, and having heard the statements and arguments of counsel in support thereof, hereby enters it order memorializing the Court's clarified order entered herein on February 22, 2022, and grants judgment to Plaintiff judgment as follows:

The Court finds that there is no substantial controversy as to the following material facts or issues. The Court makes the following findings of fact to support Plaintiff's judgment:

1. Defendant Karen S. Henderson, a/k/a Karen Harris ("Defendant Henderson") is the record title owner of the unit ownership estate that is the subject matter of this action, and legally described as:

—1—

Lot Four (4), Block Two (2), NEW BEDFORD II, a subdivision in Wagoner County, State of Oklahoma, according to the recorded Plat thereof; a/k/a 20445 E. 45th St. S., Broken Arrow, OK ("the Subject Property");

2. The statutes of the State of Oklahoma and the provisions of *Deed of Dedication and Restrictive Covenants for New Bedford II* ("Deed of Dedication"), the *Declaration of Covenants of New Bedford II* ("the Declaration"), and the *Bylaws of the New Bedford II and III Master Homeowners' Association, Inc.,* ("the By-Laws") (collectively "the Governing Documents") of the New Bedford II and III Master Homeowners' Association, Inc., ("Plaintiff" or "Association") require record owners of property in New Bedford Addition to pay monthly assessments to Plaintiff;

3. Pursuant to the terms of the Governing Documents, Defendant Henderson became indebted to Plaintiff for assessments, both regular and special, for expenses incurred by Plaintiff in the maintenance, repairs and improvements made to the property known as New Bedford II.

4. Defendant Henderson failed and refused to pay the owner's assessments and other charges levied against the Subject Property as the same came due, and as a result incurred additional charges to her account for late fees, interest and legal fees incurred in collection of the account, and there is currently owing on said account a balance of $16,165.81 as of March 1, 2022.

5. There has been no agreement, either written or oral, entered between Defendant Henderson and Plaintiff that would allow Defendant Henderson to forego payment of her owner's assessment account as the same came due.

5. The statutes of the State of Oklahoma, and the provisions of the Governing Documents of Plaintiff, authorized Plaintiff to file a lien against the Subject Property to secure payment of all past due assessments owed thereon, and to foreclose such lien in the event payment thereof is not made upon demand.

6. That Plaintiff has done all things required by law to perfect and secure its lien against the Subject Property, and has made written demand upon Defendant Henderson for payment for payment, but no such payment has been made or received.

—2—

7. Plaintiff is entitled to foreclose its lien and to have the Subject Property sold at sheriff sale in satisfaction thereof.

8. All legal fees and costs included as a part of the amount claimed due by Plaintiff are subject to separate review and order by this Court upon application by counsel.

Based upon the aforementioned facts to which no genuine issue exists, the Court finds that Plaintiff is entitled to judgment *in personam* and *in rem* as a matter of law on Plaintiff's claim against Defendant Henderson for past due owner's assessments and other charges as set forth in Plaintiff's petition and other pleadings on file herein, and that the allegations set forth in said Petition, together with the specific findings of fact enumerate heretofore, are determined to be findings of fact of this case as if set forth fully hereafter, and Plaintiff is entitled to have its lien foreclosed, and to have the Subject Property sold at sheriff sale in satisfaction thereof.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that Plaintiff have and recover judgment *in personam* of and from Defendant Karen . Henderson, a/k/a Karen Harris, in the amount of $4,279.53, said amount representing past due owners' assessments, late fees and interest owed by Defendant Henderson to Plaintiff through March 1, 2022, with set off for payments received, said amounts being itemized as follows:

| | | |
|---|---|---|
| a. | Unpaid annual assessments: | 4,391.67 |
| b. | Late fees: | 1,175.00 |
| c. | Interest: | 1,312.86 |
| | Total Judgment | 6,879.53 |
| Applying credits for payments made on the judgment amount: | | <2,600.00> |
| Total judgment amount due: | | $4,279.53 |

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff have further judgment *in personam* of and from Defendant Henderson for such additional amounts as represent owners' assessments, late fees and interest levied against Defendant Henderson from and after March 1, 2022, through confirmation of sheriff sale as provided for hereunder, said additional amounts to include attorney fees and court costs as may be incurred by Plaintiff in the further prosecution of this action through the sheriff's sale to be had hereafter, and as may be awarded by this Court as allowed by the provisions of the Governing Documents of Plaintiff, and the statutes of the State of Oklahoma, with interest on all thereof as allowed by law until paid in full, and that said money judgment is secured by Plaintiff' lien against the Subject Property, and that any and all right, title or interest which Defendant Henderson may have or claim to have in and to the Subject Property is subsequent, junior and inferior to the lien of the Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff have judgment *in rem* of and from all Defendants, and each of them, adjudging the lien of Plaintiff to be a valid and subsisting lien against the Subject Property in the amounts awarded hereunder, and further ordering that said lien be foreclosed, and that a special execution and order of sale issue directing the Sheriff of Wagoner County to levy upon, advertise and sell, after due and legal appraisement, the Subject Property, subject only to unpaid general ad valorem taxes and/or special assessments, if any, and that the proceeds of said sale be paid to the Clerk of this Court as provided by law for application as follows:

    (1) To the payment of the costs of this action, accrued and accruing, including the costs of sale of the Subject Property, and confirmation thereof;

    (2) To the payment of the judgment of the Plaintiff as herein set forth;

    (3) The balance, if any, to be paid to the Clerk of this Court to await further distribution pursuant to the order of this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that upon confirmation of said sale, all Defendants, and each of them, and all persons claiming by, through or under each or any of them since the commencement of this action, be forever barred, foreclosed and enjoined from asserting or claiming any right, title, interest, estate, lien, or equity of redemption in and to the Subject Property, or any part thereof.

Done and signed on the date first above written.

_____
Judge of the District Court

Approved as to Form:

_[signature]_

Curtis W. Kaiser, OBA #4856
RHODES HIERONYMUS, PLLC
P.O. Box 21100
Tulsa, OK 74121-1100
P: (918) 582-1173 Fax: (918) 592-3390
Email: *ckaiser@rhodesokla.com*
Attorney for Plaintiff New Bedford II


_____
Cary D. Dooley, OBA #12648
Jason E. Marshall, OBA #30156
**CATHCART & DOOLEY**
2807 Classen Blvd.
Oklahoma City, Oklahoma 73106
P: (405) 524-1110; F: (405) 524-4143
Email: cdooley@cathcartdooley.com   jmarshall@cathcartdooley.com
Attorneys for Defendants' Counterclaims Against the Plaintiffs

_[signature]_
James O. Goodwin, OBA # 3458
GOODWIN & GOODWIN
P.O. Box 3267
Tulsa, OK 74101-3267
Phone: (918) 582-9181; Cell (918) 625-7196
Fax: (918) 599-0250
Email: jgoodwin@theoklahomaeagle.net
Attorney for Defendant Henderson

Approved as to Form:

_____
Curtis W. Kaiser, OBA #4856
RHODES HIERONYMUS, PLLC
P.O. Box 21100
Tulsa, OK 74121-1100
P: (918) 582-1173 Fax: (918) 592-3390
Email: *ckaiser@rhodesokla.com*
Attorney for Plaintiff New Bedford II

*Jason E. Marshall*
_____
Gary D. Dooley, OBA #12648
Jason E. Marshall, OBA #30156
**CATHCART & DOOLEY**
2807 Classen Blvd.
Oklahoma City, Oklahoma 73106
P: (405) 524-1110; F: (405) 524-4143
Email: cdooley@cathcartdooley.com   jmarshall@cathcartdooley.com
Attorneys for Defendants' Counterclaims Against the Plaintiffs

_____
James O. Goodwin, OBA # 3458
GOODWIN & GOODWIN
P.O. Box 3267
Tulsa, OK 74101-3267
Phone: (918) 582-9181; Cell (918) 625-7196
Fax: (918) 599-0250
Email: jgoodwin@theoklahomaeagle.net
Attorney for Defendant Henderson

# IN AND FOR THE DISTRICT COURT OF WAGONER COUNTY
# STATE OF OKLAHOMA

NEW BEDFORD II AND III MASTER ) 
HOMEOWNERS' ASSOCIATION, INC., ) 
                                             ) 
            Plaintiff, )    Case No. CJ-2019-83
                                             ) 
v.                                             ) 
KAREN S. HENDERSON, A/K/A KAREN HARRIS, ) 
ET AL, ) 
                                             ) 
           Defendants. )

## ORDER APPROVING PLAINTIFF'S APPLICATION TO TAX FEES AND COSTS

THIS MATTER comes one for consideration on this __29__ day of August, 2022, upon Plaintiff's Application to Tax Attorney Fees and Costs against the Defendant Karen S. Henderson, a/k/a Karen Harris. And the Court, having reviewed the record on file herein and heard testimony in support of said Application, finds that Plaintiff, as the prevailing party in this matter, is entitled under Oklahoma law and the governing documents of Plaintiff to recover its reasonable attorney fees and costs herein. **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1. Title 60 OS Section 851, et seq (Real Estate Development Act) provides at Section 852 that in any action to enforce a lien filed to secure payment of assessments filed by the Association, the prevailing party shall be entitled to recover reasonable attorney fees to be fixed by the court, which shall be taxed as a cost in the action.

2. In the present case, Plaintiff successfully foreclosed its lien filed against real property owned by Defendant Henderson, and pursuant to the above authority is now entitled to recover its reasonable attorney fees incurred in prosecution of this action.

3. Plaintiff has provided sufficient evidence to support the requirements set for the in *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okla. 1979), and the Plaintiff should be, and it his hereby, awarded attorney fees and costs as follows:

    a.    Attorney Fees:    $11,010.50

    b.    Court Costs:    $ 585.14

4. That amounts awarded to Plaintiff herein are in addition to the judgment amounts awarded Plaintiff in the Order and Judgment entered and filed herein on July 11, 2021, and are to be paid to Plaintiff either directly by Defendant Henderson or from the proceeds of the foreclosure sale of the subject property of this litigation.

Done this day and year first above written.

_____
Judge of the District Court

Curtis W. Kaiser, OBA #4856
RHODES HIERONYMUS, PLLC
P.O. Box 21100
Tulsa, OK 74121-1100
P: (918) 582-1173 Fax: (918) 592-3390
Email: *ckaiser@rhodesokla.com*
Attorney for Plaintiff New Bedford II

Best Buy
P.O. Box 78009
Phoenix, AZ  85062-8009


Capitol One Bank
PO Box 71083
Charlotte, NC  28272-1083


Care Credit Synchrony Bank
P.O. Box 960061
Orlando, FL  32896-0061


Chase Home Mortgage
P.O. Box 71340
Madison Heights, MI  48071


CREDENCE RESOURCE MANAGEMENT
6045 ATLANTIC BLVD STE 210
NORCROSS, GA 30071


CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY, CA  91716


Macy's Card
P.O. Box 78008
Phoenix, AZ  85062


Maurices
PO Box 650973
Dallas, TX  75265-0973


New Bedford Homeowners Assoc.
c/o Rhodes Heronymous
PO Box 2110
Tulsa, OK  74121-1100



Nordstrom Credit Card
PO Box 100135
Columbia, SC  29202-3135


PHH Mortgage
P.O. Box 5452
Mt. Laurel, NJ  08054-5452


SYNCB/Sams
PO Box 965005
Orlando, FL  32896-5005


TJ Max
PO Box 530949
Atlanta, GA  30353-0949


Ulta Credit Card
PO Box 650964
Dallas, TX  75265-0964


Wells Fargo Auto
P.O.Box 5265
Sioux Falls, SD  57117-5265